# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BENNETT,<br>     Plaintiff,<br><br>v.<br><br>UNITED STATES AUTOMOBILE<br>ASSOCIATION,<br>     Defendant. | Civil Action<br>2:18-cv-03943-AB |

**December 12, 2018**                                                                                          **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Charles Bennett ("Bennett") sues Defendant USAA Casualty Insurance Company ("USAA") for underinsured motorist ("UIM") benefits pursuant to the terms of his USAA automobile insurance policy. I exercise diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Currently before me is USAA's Motion to Transfer or, in the Alternative, Compel Plaintiff to Provide a More Definite Statement. I will deny USAA's motions.

## I. BACKGROUND

Bennett and his wife purchased a USAA automobile insurance policy that included UIM coverage. Compl. ¶ 18. On or about September 27th, 2017, Bennett was in a car collision with an underinsured motorist. *Id.* ¶ 5. Bennett sued in this Court to recover UIM benefits under the USAA policy.

Bennett's USAA policy contains a forum selection clause that mandates: "Unless we agree otherwise, any legal action against us must be brought in a court of competent jurisdiction in the county and state where the covered person lived at the time of the accident." Defs.' Mot. at 2; Ex. B at 29. At the time of the accident, Plaintiff resided in Pottstown, PA. *Id.* at 2; Ex. A. Pottstown is in Montgomery County, Pennsylvania.

## II. DISCUSSION

### A. USAA's Motion to Transfer

USAA argues that this action should be transferred pursuant to the doctrine of *forum non conveniens* because the forum selection clause in the insurance policy mandates that the parties sue in the Court of Common Pleas of Montgomery County. The forum selection clause in Bennett's policy provides: "any legal action against [USAA] must be brought in a court of competent jurisdiction in the county and state where [Bennett] lived at the time of the accident." Defs.' Mot. at 2; Ex. B at 29. USAA argues that this phrase means the parties may only sue in a state court located in Montgomery County. In contrast, Bennett argues that the plain language of the clause permits suit in any court of the county, including the United States District Court for the Eastern District of Pennsylvania.

#### 1. Legal Standard

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). In deciding whether to transfer a case under the doctrine of *forum non conveniens*, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal quotation marks and brackets omitted). "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997). Like any other contract provision, the first step in interpreting a forum selection clause is to determine whether the clause unambiguously states the parties' intentions. *Id.* at 1074. "To be unambiguous, a contract clause must be reasonably capable of only one construction." *Id.* (internal quotation marks omitted).

2. **Analysis**

In *Jumara v. State Farm Insurance Company*, the Third Circuit addressed a forum selection clause that permitted applications for appointment of arbitrators to be made in "a court of record in the county." 55 F.3d 873, 881 (3d Cir. 1995) (internal quotation marks omitted). Although the district court had interpreted this phrase to limit the forum to the Court of Common Pleas of Luzerne County, the Third Circuit held that "the phrase 'a court of record in the county' includes the United States District Court for the Middle District of Pennsylvania, the federal judicial district that encompasses Luzerne County." *Id.* Similarly, in *Epps v. 1.I.L., Inc.*, the court addressed a forum selection clause that permitted disputes to "only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania [*sic*]." No. 07-02314, 2007 WL 4463588, at *2 (E.D. Pa. Dec. 19, 2007) (internal quotation marks omitted). In consonance with *Jumara*, the court held that "[t]he provision's plain language is construed to permit the action in any court of the county, including the federal court in the federal judicial district encompassing Wayne County, Pennsylvania, regardless of whether the federal court is physically located in the county." *Id.* (citing *Jumara*, 55 F.3d at 881).

The forum selection clause in this case allows the parties to sue "in a court of competent jurisdiction" in Montgomery County, Pennsylvania. Under *Jumara*, the clause therefore permits the parties to sue in the United States District Court for the Eastern District of Pennsylvania because this Court is a court of competent jurisdiction in Montgomery County, Pennsylvania. *See Jumara*, 55 F.3d at 881. Therefore, I will not transfer this case pursuant to the doctrine of *forum non conveniens*.

**B. Motion to Compel a More Definite Statement**

USAA moves to Compel a More Definite Statement under Federal Rule of Civil Procedure 12(e). Bennett replies that the Complaint complies with Rule 12(e).

**1. Legal Standard**

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, "a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa. Dec. 1, 1994). Instead, Rule 12(e) "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).

**2. Analysis**

I will deny Defendant's Motion for a More Definite Statement. The Complaint, which presents comprehensible factual and legal allegations, meets the low bar imposed by Rule 12(e).

**III. CONCLUSION**

For the reasons set forth above, I will deny USAA's Motions to Transfer and to Compel a More Definite Statement.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on 12/12/2018